TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Special Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2238
     Facsimile: (213) 894-0141
     E-mail:    kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-CR-00052-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S FIRST AMENDED SENTENCING POSITION FOR DEFENDANT STEPHEN ROOZE |
| v. | |
| STEPHEN ROOZE, | Hearing Date: February 28, 2022 |
| Defendant. | Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the<br>             Hon. Jesus G. Bernal |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney Kyle W. Kahan, hereby files its first amended sentencing position for defendant STEPHEN ROOZE.

//

//

//

//

This first amended sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, attached exhibits, and such further evidence and argument as the Court may permit. The previously filed sentencing position (Dkt. 29) is incorporated herein.

Dated: February 17, 2022              Respectfully submitted,

                                      TRACY L. WILKISON
                                      United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                      */s/ Kyle W. Kahan*
                                      KYLE W. KAHAN
                                      Special Assistant United States
                                      Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On November 16, 2021, the government submitted its sentencing position for defendant. (Dkt. 29.) In it, the government respectfully recommended a mid-point Guidelines term of 16 months' imprisonment, a three-year term of supervised release with a restitution condition of $1,048, a fine of $20,000, a bar on employment in a labor organization pursuant to 29 U.S.C. §§ 504(a)(1)-(5), and a $400 special assessment. (Dkt. 29, at 6.) The government's position primarily relied on defendant's gross breach of trust of his duties as a Secretary-Treasurer for the International Brotherhood of Locomotive Engineers and Trainmen, Division 662 ("BLET 662) and subsequent failure to return $127,943.76 to BLET 662 despite signing a promissory note on May 30, 2020. (Dkt. 29.)

The government submits this amended sentencing position paper to apprise the Court of updates in defendant's repayment. Since the submission of the government's initial sentencing position, defendant has reimbursed BLET 662 with the entirety of the $127,943.76 defendant agreed to return. Pursuant to the factual basis, defendant thus still owes the BLET 662 approximately $12,120.43 to fully reimburse BLET 662 for the entirety of his embezzlements. (See Dkt. 22, at 4-5.) Accordingly, defendant has honored his agreement to reimburse BLET 662 for the amount in the 2020 promissory note and has made substantial steps to fully reimburse the union. Given these issues, the government would not object to a sentence at the low-end of the guidelines range.

     The government continues to believe that this within-Guidelines custodial sentence, rather than the below-Guidelines sentence sought by defendant, is appropriate.  While the government commends defendant for accepting responsibility for both his conduct and his promises to restore the union the amount agreed upon in the promissory note, the government notes that these payments did not occur until after defendant pled guilty to all four counts in the indictment and was facing a 12-to-18-month prison sentence. Defendant signed the promissory note on May 30, 2020, pled guilty on August 30, 2021, and did not make any payment until after the government submitted its sentencing brief requesting a 16-month imprisonment sentence.  Still, given that a significant basis for the government's request for the 16-month sentence was defendant's failure to adhere to the terms of the promissory note, the government believes that defendant's post-guilty plea conduct demonstrates a continued willingness to accept responsibility for his conduct. Accordingly, a low-end sentence within the Guidelines would be appropriate.  Moreover, because defendant admitted to embezzling $140,064.19 from BLET 662 between 2011 and 2019, the $1,048 requested in restitution as a condition of his supervised release is still appropriate despite defendant's payment of $127,943.76.

**II.  CONCLUSION**

     For the foregoing reasons, the government modifies its initial sentencing position and does not object to a sentence at the low-end of the Guidelines.  The government maintains its positions in all other respects and continues to recommend a three-year term of supervised release with a restitution condition of $1,048, a fine of

$20,000, a bar on employment in a labor organization pursuant to 29 U.S.C. §§ 504(a)(1)-(5), and a $400 special assessment.